FILED

2012 May-14  AM 08:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ISMAEIL MOHAMMED ABU SALIM, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. CV-11-S-3402-NE** |
| | ) | |
| JANET NAPOLITANO, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ismaeil Mohammed Abu Salim, brought this action against defendant, Janet Napolitano, Secretary of the United States Department of Homeland Security, "so as to determine the application of the United States Supreme Court case of <u>Padilla v. Kentucky</u>, 130 S.Ct. 1473 (2010)[,] to the naturalization process of the plaintiff."[1] Defendant filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] Upon consideration of the motion, the court determines that it is due to be granted.

---

[1] Doc. no. 1 (Complaint) ¶ 1 (alteration supplied).  Plaintiff's complaint contains eight numbered paragraphs.  The paragraphs are obviously misnumbered, but no numbers are repeated, and the numbers are arranged in ascending order.  Thus, the court will cite to the complaint by using the numbers assigned by plaintiff, even though they do not correspond with the total number of paragraphs in the complaint.

[2] Doc. no. 3.

# I.  PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing a complaint on September 19, 2011.[3] Defendant was served with process on November 10, 2011.[4]  Defendant filed its motion to dismiss on January 9, 2012, arguing that the court does not have subject matter jurisdiction to hear the claim.[5]  The court ordered plaintiff to respond on or before January 23, 2012.[6]  Plaintiff did not file a timely response but, instead, on January 26th, filed a motion for leave to file a late response.[7]  The court granted that motion.[8]  In his response, plaintiff stated that "Defendant has argued in his [*sic*] Motion to Dismiss that there is a defect in service," but that "seems to be insignificant because he [*sic*] admits to being served."[9]  The rest of the filing is devoted to an explanation of why plaintiff's counsel was unable to timely file his response, and a statement that "[t]here has been no prejudice to the Defendant as he [*sic*] admits to being served and therefore the motion is due to be denied."[10]

---

[3] *See* doc. no. 1.

[4] Doc. no. 3, at 1.

[5] *See generally id.*  The record does not contain a copy of a returned, executed summons, but defendant admits to being served and has not raised any argument for dismissal on the basis of a defect in service.

[6] Text Order of January 9, 2012.

[7] Doc. no. 5.

[8] Text Order of May, 2012.

[9] Doc. no. 5 ¶ 5.

[10] *Id.* ¶ 7 (bracketed alteration supplied).

Plaintiff's response to the motion to dismiss is, to say the least, mysterious. Plaintiff does not address the sole issue raised in the motion to dismiss, namely, that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, cannot serve as a basis of subject matter jurisdiction in the federal courts. Instead, plaintiff states that any defect in service has caused no prejudice to defendant, who admits to being served. However, defendant did not argue in the subject motion to dismiss that there was any defect in service and, in fact, her statement regarding service indicates that she was timely served.[11]

## II.  PLAINTIFF'S COMPLAINT

Plaintiff, Ismaeil Mohammed Abu Salim, is a citizen of Jordan, and a lawful permanent resident of the United States.[12]  He is married to a United States citizen, and the couple has two children, who are presumably American citizens.[13]  He resides in North Alabama, and is the proprietor of either a "Church's"® [14] or "Popeye's"®[15] fried chicken restaurant in the City of Decatur, Alabama.  Defendant, Janet Napolitano, is the Secretary of the Department of Homeland Security, which is

---

[11] *See* doc. no. 3, at 1.  Defendant admits to being served on a date well with the 120 days to effect service allowed by Federal Rule of Civil Procedure 4(m).

[12] Doc. no. 1 ¶¶ 2, 9.

[13] *Id.*

[14] *Id.* ¶ 2.

[15] *Id.* ¶ 9.

3

responsible for the administrative process by which immigrants become United States citizens.[16]  *See* 6 U.S.C. § 271.

Plaintiff applied for citizenship status through the Immigration and Naturalization Service ("INS") in 2000.  The INS was a predecessor of the Department of Homeland Security.[17]  Plaintiff's application was denied in 2003, on the basis of his "failure . . . to demonstrate he has been and still was a person of good moral character."[18]  That finding was based on plaintiff's 1997 conviction for selling alcohol to a minor.[19]  In that criminal proceeding, held in the Decatur Municipal Court, plaintiff was represented by counsel, who did not inform him that a conviction could adversely affect his ability to obtain citizenship in the future.[20]  Plaintiff pled

---

[16] The caption of the complaint identifies the defendant as "Janet Napolitano, Secretary of the United States Department of Homeland Security."  Doc. no. 1.  However, in the body of the complaint, plaintiff identifies defendant as "the agency which . . . is generally charged with processing citizenship applications in the United States."  *Id.* ¶ 3.  In his response to the motion to dismiss, plaintiff refers to "the defendant United States."  Doc. no 5 ¶ 4.  Plaintiff uses the words "his" and "he" to describe defendant; those pronouns do not properly apply to the United States, the Department of Homeland Security, or Secretary Napolitano.  *Id.* ¶ 5.

Defendant does not clarify the picture, referring in the motion to dismiss to "Defendants."  *See* doc. no. 3, at 1, 6.  Based on the caption in plaintiff's complaint, this court will assume that there is one defendant in this action, *viz.*, Secretary Napolitano.  For the purposes of evaluating subject matter jurisdiction, the precise identity of the defendant or defendants is not essential.

[17] Doc. no. 1 ¶ 9.  The Department of Homeland Security absorbed the Immigration and Naturalization service in 2002.  6 U.S.C. § 291.  The naturalization functions of the predecessor agency are now handled by the Citizen and Immigration Service, a bureau of the Department of Homeland Security.  *See* 6 U.S.C. § 271.

[18] Doc. no. 1 ¶ 9.

[19] *Id.*  The denial of plaintiff's citizenship application was affirmed by another court in this district and the Eleventh Circuit.  *Id.* ¶ 2.

[20] *Id.* ¶ 9.

guilty to the charge, and received a sentence of twelve months' probation.[21]

Seven years after plaintiff's citizenship application was denied, the Supreme Court ruled in *Padilla v. Kentucky*, — U.S. — , 130 S. Ct. 1473 (2010), that "in criminal proceedings of non citizens, the right to counsel is effectuated only if the defendant is informed by counsel as to how a conviction would impact his immigration status."[22]   Plaintiff "believes that <u>Padilla</u> would also prohibit the Department of Homeland Security from using uncounseled pleas as the basis for denying citizenship."[23]

He requests a declaratory judgment on the applicability of *Padilla* to his potential reapplication for citizenship in the future.[24]  He avers that "is necessary to address this issue in this forum because a criminal conviction may not be collaterally attacked in the administrative process."[25]  Plaintiff asserts that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Federal Rule of Civil Procedure 57 establish the subject matter jurisdiction of this court to grant such relief.[26]

---

[21] *Id.*

[22] *Id.* ¶ 10.  The quoted language is from the complaint.  The precise holding of *Padilla* is not relevant to this motion, which does not address the merits of plaintiff's case.

[23] Doc. no. 1 ¶ 10.

[24] *Id.* ¶ 6.

[25] *Id.*

[26] *Id.*

### III.  MOTION TO DISMISS STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1).  "The party invoking federal jurisdiction bears the burden of proving [it]."  *Bischoff v. Osceola County, Florida*, 222 F.3d 874, 877-878 (11th Cir. 2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *see also Sweet Pea Marine Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.") (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

Federal Rule of Civil Procedure 12(b)(1) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:  (1) lack of subject-matter jurisdiction;  . . .

Fed. R. Civ. P. 12(b)(1) (2008).  When ruling upon a Rule 12(b)(1) motion, the court must first determine whether the moving party is mounting a "facial" or "factual" attack on the court's subject matter jurisdiction.  The former Fifth Circuit explained the difference, and the resulting effect on the district court's framework of analysis, in *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981),[27] saying that:

---

[27] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

A motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction *on the face of the complaint*. If so, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised — the court must consider the allegations in the plaintiff's complaint as true. *E.g., Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975); *Herpich v. Wallace*, 430 F.2d 792, 802 (5th Cir. 1970). *But the two motions are treated quite differently when matter outside the complaint is the basis of the attack.* Rule [12(**d**)[28]] provides that a motion to dismiss for failure to state a claim will be automatically converted into a motion for summary judgment (Rule 56) if the court considers matters outside the pleadings. This provides an additional safeguard for the plaintiff, for, in addition to having all his allegations taken as true, the trial court cannot grant the motion unless there is no genuine issue of material fact. This protection is not, however, provided the plaintiff who faces dismissal for lack of subject matter jurisdiction. As the Court of Appeals for the Third Circuit has explained:

---

[28] The *Williamson* opinion originally referenced Federal Rule of Civil Procedure 12(**b**), which was a correct citation on the date the former Fifth Circuit's opinion was entered. The relevant portion of Rule 12(b) then read as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Williamson v. Tucker*, 645 F.2d 404, 412 n.5 (5th Cir. 1981) (quoting Fed. R. Civ. P. 12(b)). However, between May 20, 1981, when *Williamson* was handed down, and the present, Rule 12 was amended, and the text from Rule 12(b) referenced in *Williamson* was both revised and moved from Rule 12(**b**) to Rule 12(**d**), which reads as follows:

> **(d) Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

> The facial attack (on subject matter jurisdiction) does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Williamson*, 645 F.2d at 412-13 (quoting *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3rd Cir. 1977)) (footnote omitted) (emphasis added); *see also Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237-38 (11th Cir. 2002); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (*per curiam*).

## IV. DISCUSSION

Defendant attempts to make a factual challenge to the subject matter jurisdiction of the court. In her motion to dismiss, defendant presents two pages of "facts," providing more information than is contained in the complaint, and citing to eleven exhibits.[29] Defendant also outlines the different standards to be applied to facial and factual challenges, noting that the court may weigh evidence in evaluating a factual

---

[29] Like the numbering of the paragraphs in plaintiff's complaint, defendant's exhibit numbering is puzzling; there appears to be no Exhibit 3. However, unlike the misnumbered paragraphs in the complaint, the court will not cite to any of defendant's exhibits, because they are not in the record.

challenge to subject matter jurisdiction.[30]   However, defendant has not actually *provided* any of those exhibits to the court.  There is no evidence for the court to weigh and, thus, no factual challenge to evaluate.  Nonetheless, the court will consider whether defendant's motion contains a sufficient *facial* challenge to the basis of subject matter jurisdiction plaintiff asserts.[31]

Plaintiff premises this court's subject matter jurisdiction on the Declaratory Judgment Act, which provides, in relevant part, that:

> In *a case of actual controversy within its jurisdiction*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis supplied).  As the plain statutory language suggests, the Act creates a new *remedy*, not a new basis for jurisdiction.  Indeed, "it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stewart Weitzman, L.L.C. v. Microcomputer Resources, Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008) (citations omitted, bracketed alteration

---

[30] Doc. no. 3, at 4 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (*per curiam*)).

[31] An "Article III court must be sure of its own jurisdiction before getting to the merits" of any action, *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citation omitted), and "should inquire into whether it has subject matter jurisdiction at the earliest stage in in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted).

supplied).  *See also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72

(1950) ("Congress enlarged the range of remedies available in the federal courts but

did not extend their jurisdiction. . . .  The Declaratory Judgment Act allowed relief

to be given by way of recognizing the plaintiff's right even though no immediate

enforcement of it was asked.  But the requirements of jurisdiction — the limited

subject matters which alone Congress had authorized the District Courts to adjudicate

— were not impliedly repealed or modified.").

Federal courts have general subject matter jurisdiction over actions brought *by*

federal agencies or officers.  28 U.S.C. § 1345.  However, there is no corollary rule

whereby all suits brought *against* federal agencies or officers are within the subject

matter jurisdiction of the federal courts.  *See McQueary v. Laird*, 449 F.2d 608, 610

(10th Cir. 1971) ("There is no general statutory jurisdiction over actions against

federal officers, employees and agencies.").

> The doctrine of sovereign immunity encompasses all actions
> brought against the United States, including those against federal officers
> and actors, in which the relief "sought would expend itself on the public
> treasury or domain, or interfere with the public administration, or if the
> effect of the judgment would be to restrain the Government from acting,
> or to compel it to act."

*United States v. Kaufman*, 980 F. Supp. 1247, 1250 (S.D. Fla. 1997) (quoting *Dugan*

*v. Rank*, 372 U.S. 609, 620 (1963) (citations and quotations in *Dugan* omitted)).  The

10

general statutory provision establishing federal question jurisdiction, 28 U.S.C. §

1331, "cannot be construed to constitute a waiver of sovereign immunity." *Harbert*

*v. United States*, 206 F. App'x 903, 907 (11th Cir. 2006) (citing *Beale v. Blount*, 461

F.2d 1133, 1138 (5th Cir. 1972)).  Therefore, to establish subject matter jurisdiction

for a claim against an officer or agency of the federal government, a plaintiff "must

demonstrate that the claim being asserted is covered by a specific statutory

authorization . . . ."  14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,

*Federal Practice and Procedure* § 3655, at 344 (3d ed. 1998).

Even evaluating the motion to dismiss under the plaintiff-friendly facial

challenge framework, it is clear that plaintiff has not satisfied the requirement of Rule

8 that he provide a "short and plain statement of the court's jurisdiction." Fed. R. Civ.

P. 8(a)(1).  Plaintiff has identified no statutory authority demonstrating a waiver of

sovereign immunity and thereby allowing him to sue defendant.[32]  The only bases he

lists for this court's jurisdiction are the Declaratory Judgment Act, which does not

create jurisdiction, and Federal Rule of Civil Procedure 57, which simply states that

the Rules apply to actions seeking declaratory judgments.

In his statement of jurisdiction, plaintiff avers that he requires a declaratory

judgment regarding the impact of *Padilla* on his convictions, "because a criminal

---

[32] Nor has he attempted to invoke the general federal question statute.

conviction may not be collaterally attacked in the administrative process."[33]  However, plaintiff's inability to collaterally attack his criminal conviction in an administrative proceeding does not constitute a basis of subject matter jurisdiction for a collateral attack in the courts.  Collateral attacks on criminal convictions are governed by a finely-wrought statutory scheme of their own.  *See, e.g.* 28 U.S.C. §§ 2241 *et seq.* (habeas corpus procedures).  Plaintiff has not invoked any statutory authority for bringing this collateral attack.  Plaintiff may not sidestep those procedures, and his obligation to demonstrate the subject matter jurisdiction of the court, simply by bringing an action for declaratory judgment.[34]

## V.  CONCLUSION AND ORDER

For the reasons stated herein, the motion to dismiss is GRANTED, and this case is DISMISSED with prejudice.  Costs are taxed to plaintiff.  The clerk is directed to close this file.

DONE and ORDERED this 14th day of May, 2012.

United States District Judge

---

[33] Doc. no. 1 ¶ 6.

[34] In addition to plaintiff's failure to carry his burden in identifying statutory authority for this court's jurisdiction, dismissal is likely proper on the ground that the complaint fails to satisfy justiciability requirements.  Plaintiff is attempting to sue a federal officer (or agency) to establish that his conviction in a municipal court was unconstitutional.  It is highly doubtful that a case or controversy, requisite to establish jurisdiction, exists between plaintiff and defendant on that question.